UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| V. | ) | No. 2:08-CR-58 |
| | ) | |
| SHAWN ANDERSON HILL | ) | |

**REPORT AND RECOMMENDATION**

The defendant has filed a motion to dismiss Counts One and Two for duplicity. (Doc. 200). This motion has been referred to the magistrate judge pursuant to the standing order of this Court and 28 U.S.C. § 636. An evidentiary hearing was held on March 26, 2009.

An indictment is "duplicitous" when it joins in a single count two or more distinct and separate offenses. *United States v. Robinson*, 651 F.2d 1188, 1194 (6th Cir. 1981), cert. denied, 454 U.S. 875 (1981).

Count One of the Superseding Indictment charges this defendant with a conspiracy to distribute and to possess with the intent to distribute 50 grams or more of methamphetamine, ***and with*** the distribution and possession with the intent to distribute 500 grams or more of a mixture containing some amount of methamphetamine.

Count Two charges the defendant with a conspiracy to manufacture 50 grams or more of methamphetamine ***and with*** manufacturing 500 grams or more of a mixture containing

some amount of methamphetamine.

Defendant argues, not without some logic, that each count contains two distinct, separate offenses, and are therefore duplicitous.

This issue has more to do with sentencing than it does with substantive guilt. 21 U.S.C. § 841(a)(1) makes it illegal to manufacture, distribute, or possess with the intent to distribute any controlled substance. Subsection (b) of that statute provides the penalties for any violation of subsection (a). Subsection (b)(1)(viii) addresses methamphetamine; if the violation of subsection (a) involved 50 grams or more of essentially pure methamphetamine, **or** if it involved 500 grams or more of some mixture that contains methamphetamine (i.e., diluted methamphetamine), then in either event the punishment is a minimum and mandatory ten years up to a possible maximum of life imprisonment. Thus, if the jury should find the defendant conspired to distribute or manufacture 50 grams or more of pure methamphetamine, the punishment will be no greater nor no less than if the jury should find that he conspired to distribute or manufacture 500 grams or more of diluted methamphetamine. The reverse would be the same, of course. As far as the United States' proof is concerned, evidentiary rulings would not be different with respect to evidence of 50 grams of pure methamphetamine versus 500 grams of diluted methamphetamine. Whether the defendant is found guilty with respect to 50 grams of pure methamphetamine or 500 grams of diluted methamphetamine will make no difference to his ultimate sentence. Thus, all the concerns listed in *United States v. Starks*, 515 F.2d 112 (3rd Cir. 1975) could

2

not arise under the circumstances of this case. Moreover, the Sixth Circuit has held that a single count that charges a conspiracy to distribute multiple controlled substances does not constitute a duplicitous indictment, since it is the *conspiracy* that is the crime. *United States v. Dale*, 178 F.2d 429 (6th Cir. 1999).

It is respectfully recommend that defendant's motion to dismiss Counts One and Two be denied.[1]

                                          s/ Dennis H. Inman
                                      United States Magistrate Judge

---

[1] Any objections to this report and recommendation must be filed within ten (10) days of its service or further appeal will be waived. 28 U.S.C. § 636(b)(1)(B) and (C). *United States v. Walters*, 638 F.2d 947-950 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).